**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                                   Plaintiff

                                                      DECISION and ORDER

-vs-

                                                      11-CR-6083

ROBERT MORAN, JR.

                                   Defendant

_____

        This case was referred by order of the undersigned, docketed May 2, 2011, ECF No. 2, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). On August 22, 2012, Defendant filed an supplemental motion, ECF No. 257, seeking _inter alia_ suppression of tangible evidence seized as a result of a search warrant executed at 15 Algonquin Terrace, Rochester on April 28, 2011 or in the event that outright suppression is denied, a _Franks_ hearing, to determine whether the search warrant should be suppressed.

        Regarding Defendant's motion to suppress tangible evidence, an evidentiary hearing  was held before Magistrate Judge Payson on October 24, 2012, ECF No. 307, and a transcript of the proceeding was filed on November 19, 2012, ECF No. 319. On January 29, 2014,  Magistrate Judge Payson filed a Report and Recommendation ("R&R"), ECF No. 467,  recommending that Defendant's application for a _Franks_ hearing be denied, and that his application to suppress based upon the validity of the search warrant for 15 Algonquin Terrace also be denied. However, she directed that further submissions be filed regarding the execution of the search warrant at 15 Algonquin Terrace. On February 21,

2014, Defendant filed objections to Magistrate Judge Payson's R&R, ECF No. 489, maintaining that no probable cause to issue the search warrant for 15 Algonquin Terrace existed.

With respect to the execution of the search warrant at 15 Algonquin Terrace, a further evidentiary hearing on April 24, 2014, ECF No. 514, and May 8, 2014, ECF No. 520, and transcripts of those proceedings were both filed on July 22, 2014, ECF No. 545 and No. 546. Thereafter, on December 24, 2014, Magistrate Judge Payson filed another R&R, ECF No. 571, recommending that the application to suppress tangible evidence seized from 15 Algonquin Terrace, based upon the execution of the warrant be denied, stating:

> Even if the use of the trained canines violated the Fourth Amendment, no evidence was discovered or seized as a result of their use. Moreover, for the reasons discussed above, blanket suppression of the evidence that was lawfully seized is not warranted.

R&R, p. 14. On January 15, 2015, Defendant filed objections to Magistrate Judge Payson's R&R, ECF No. 573, arguing:

> The fact that very little evidence was seized from the Defendant's premises as a result of the search does not excuse the general rummaging that occurred therein. Good faith cannot save the search warrant execution because the evidence shows that law enforcement did not act in good faith.

Defendant's Objections to Magistrate's R&R, p.11.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo* review of both R&Rs, ECF No. 467 and No. 571, relating to the search of 15 Algonquin Terrace, Rochester on April 28, 2011, including the transcripts of the evidentiary hearing held and exhibits received, as well as the search warrant and

2

application for 15 Algonquin Terrace, Court accepts Magistrate Judge Payson's proposed findings and recommendations.

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&Rs, ECF No. 467, and No. 571, Defendant's application suppress tangible evidence seized from 15 Algonquin Terrace, Rochester, on April 28, 2011, based upon the invalidity and/or execution of the search is denied. His application for a *Franks* hearing is also denied. IT IS SO ORDERED.

Dated:  Rochester, New York
        February 13, 2015

ENTER:

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge

3